**Charles John McCARTY, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 95–292.

Supreme Court of Wyoming.

Dec. 16, 1996.

Charles John McCarty, Pro Se.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; and D. Michael Pauling, Senior Assistant Attorney General, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN,* and LEHMAN, JJ.

TAYLOR, Chief Justice.

Appellant seeks review of the district court's denial of his motion to correct his sentence after revoking probation. The district court held that the issue was *res judicata.*

We affirm.

The parties to this appeal state a single issue:

> Did the district court properly deny appellant's motion to correct an illegal sentence?

We have already addressed the procedural and factual background pertinent to this appeal in *McCarty v. State,* 883 P.2d 367, 370–71 (Wyo.1994). In summary, appellant entered a guilty plea to the reckless endangerment of one victim and to aggravated assault and battery on another. Appellant was sentenced to one year in county jail for reckless endangerment and was given five years probation for aggravated assault and battery. Appellant served his county jail sentence, with credit allowed for the time he was incarcerated from his arrest through sentencing. Several months after his release from the county jail, the State filed a petition to revoke appellant's probation for alleged violations of the terms of his probation. Following a hearing, the district court revoked appellant's probation and sentenced him to not less than five years nor more than seven years in the Wyoming State Penitentiary.

Appellant then filed a timely appeal, raising several issues. We resolved each of those issues in *McCarty,* 883 P.2d 367. The fourth issue raised in the prior appeal is identical to the claim which is the subject of this appeal. There, as here, appellant contended that the district court failed to prop-

* Chief Justice at time of conference.

erly credit all time served in presentence incarceration for the reckless endangerment charge to the sentence imposed for the aggravated assault and battery charge. Our response was:

> The district court did not abuse its discretion in limiting the credit granted for time served in presentence incarceration. The district court properly granted credit for the time served after McCarty's arrest for violating probation.

*Id.* at 376.

Despite this holding, on August 25, 1995, appellant attempted to relitigate this issue by filing a Motion to Correct Illegal Sentence based on the same facts. After the district court denied the motion, appellant filed his second appeal.

This court has repeatedly held that issues which were raised and considered in a prior criminal appeal are *res judicata,* and cannot be relitigated by a defendant in a subsequent collateral attack. *Pote v. State,* 733 P.2d 1018, 1022 (Wyo.1987); *Wright v. State,* 718 P.2d 35, 37 (Wyo.1986); *Hopkinson v. State,* 708 P.2d 46, 49 (Wyo.1985). We, therefore, affirm the district court holding that appellant's claim is barred under the doctrine of *res judicata.*