2005 WY 27

**Robert Lee DOLENCE, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 04–127.**

Supreme Court of Wyoming.

March 1, 2005.

Representing Appellant: Robert L. Dolence, pro se.

Representing Appellee: Patrick J. Crank, Attorney General; Paul Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and James Michael Causey, Assistant Attorney General.

Before HILL, C.J., and GOLDEN, KITE, and VOIGT, JJ., and BRACKLEY, D.J.

KITE, Justice.

[¶ 1] Appellant Robert Dolence appeals from the district court's order denying his petition for an order nunc pro tunc.[1] He argues that the district court erred by refusing to grant an order nunc pro tunc to establish a minimum term for his life sentence. We conclude Mr. Dolence's appeal is barred under the doctrine of res judicata.

### ISSUES

[¶ 2] Mr. Dolence presents the following issues on appeal:

I. Did the trial court properly deny appellant's petition for an order nunc pro tunc?

II. Assuming that an order nunc pro tunc was an appropriate procedural means to challenge appellant's judgment and sentence, did the trial court properly deny the motion?

The State phrases the issues as follows:

I. Has appellant's sentence already been determined to be legal, and, if so, is appellant's claim res judicata?

II. Did the district court err in denying appellant's petition for nunc pro tunc?

III. Should appellant be subject to costs and attorney's fees for filing a frivolous appeal?

### FACTS

[¶ 3] The underlying procedural history of this case is set out in *Dolence v. State*, 921

---

1. A nunc pro tunc order is used to correct an inaccuracy in an earlier order. *Johnson v. State,* 914 P.2d 810, 812 (Wyo.1996); *Christensen v. State,* 854 P.2d 675, 682 (Wyo.1993). A district court may not, however, use a nunc pro tunc order to make a substantive change in a judgment or order. *See, Johnson,* 914 P.2d at 812; *Eddy v. First Wyoming Bank, N.A.-Lander,* 713 P.2d 228, 234 (Wyo.1986).

P.2d 1103 (Wyo.1996) (*Dolence I* ).  To summarize, Mr. Dolence pled guilty in 1976 to one count of first-degree rape and one count of assault with a deadly weapon.  *Id.* The district court sentenced him to serve a term of life in prison for the rape and a term of not less than seven nor more than fourteen years on the assault conviction.  *Id.* Mr. Dolence did not take a direct appeal of his judgment and sentence; however, in 1996, he filed a *pro se* motion to correct an illegal sentence.  *Id.* The district court denied Mr. Dolence's motion, and he appealed to this Court.  *Id.* We affirmed his sentence in *Dolence I. Id.* at 1104.

[¶ 4]   Over the years since that first appeal, Mr. Dolence has filed many motions with the district court challenging the validity of his life sentence.  The motion that is the subject of this appeal was filed on March 10, 2004, and was entitled "Petition for Nunc Pro Tunc." In his petition, Mr. Dolence requested that the district court enter an order nunc pro tunc in order to correct omissions and ambiguities in his sentence.  In particular, he argued that, "the district court sentenced [him] to a fixed definite term of life imprisonment ... which prejudiced [him] and deprived him of his due process and equal protection of the laws." The district court denied his petition, and Mr. Dolence perfected an appeal to this Court.

## DISCUSSION

[¶ 5]   Mr. Dolence claims he is entitled to an order nunc pro tunc because the judgment and sentencing order is ambiguous and omitted a minimum term for his life sentence. The State maintains that a request for a nunc pro tunc order is not the proper procedural mechanism for contesting the legality of his sentence.  The State also argues that Mr. Dolence is barred, under the doctrine of res judicata, from raising this issue because it was decided in his earlier appeal.  We conclude that the res judicata argument is dispositive, and consequently, turn directly to that issue.

[¶ 6]   The doctrine of res judicata applies to criminal matters as well as civil

matters.  "This court has repeatedly held that issues raised and considered in a prior criminal appeal are res judicata, and cannot be relitigated by a defendant in a subsequent collateral attack." *Lacey v. State,* 2003 WY 148, ¶ 11, 79 P.3d 493, ¶ 11 (Wyo.2003) (citing *McCarty v. State,* 929 P.2d 524, 525 (Wyo. 1996)).  There are four factors that must be satisfied in order for the doctrine of res judicata to bar consideration of an issue:

(1) identity in parties; (2) identity in subject matter; (3) the issues are the same and relate to the subject matter; and (4) the capacities of the persons are identical in reference to both the subject matter and the issues between them.

*Lacey,* ¶ 11.

[¶ 7]   Obviously, the parties—the State and Mr. Dolence—are identical in both proceedings.  Thus, our focus is on comparing the subject matter and issues raised.  In the current matter, Mr. Dolence argues that he is entitled to an order nunc pro tunc because the district court sentenced him to serve a term of not less than life in prison and did not specify a minimum and maximum term of imprisonment as required by Wyo. Stat. Ann. § 7–313 (Michie 1957).  In his prior appeal, we described his argument as follows:

Appellant argues that his life sentence was illegal because it did not comply with the indeterminate sentence statute.  Specifically, he contends that the district court erred by sentencing him to serve a life term on his first-degree rape conviction without specifying a minimum term.

*Dolence I,* 921 P.2d at 1103.  It is apparent that Mr. Dolence's contentions in both appeals are identical.  Because this Court decided this issue in Mr. Dolence's first appeal, the doctrine of res judicata bars our consideration of his claim in the present appeal.[2]

[¶ 8]   Affirmed.

2.  The State requests that we impose sanctions  against Mr. Dolence pursuant to Wyo.R.App.P.

¶0.05.  We conclude that the circumstances presented here do not warrant sanctions.