2007 WY 164

**John David MARTINEZ, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 06–238.**

Supreme Court of Wyoming.

Oct. 17, 2007.

Representing Appellant: Diane M. Lozano, Wyoming State Public Defender; Tina N.

Kerin, Appellate Counsel; Donna D. Domonkos, Senior Assistant Appellate Counsel.

Representing Appellee: Patrick J. Crank, Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; David L. Delicath, Senior Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL, and KITE, JJ.

VOIGT, Chief Justice.

[¶ 1] In two separate cases, the appellant, John D. Martinez (hereinafter "Martinez"), was convicted of three felony drug charges, a domestic violence charge, property destruction, and criminal entry. At sentencing, Martinez was credited 211 days for time previously served (31 days in the drug cases and 180 days in the domestic violence cases). Following sentencing on all charges, Martinez filed a series of motions challenging the legality of his sentences. In each of these motions, Martinez contended that he should have been awarded more credit for time served. Each of his motions was denied. Although Martinez appealed from one of the denials, he voluntarily dismissed the appeal prior to adjudication. Following his dismissal of that appeal, Martinez filed yet another motion to correct. That motion was denied and Martinez now brings the denial before this Court for review. For the reasons set forth below, we will affirm.

## ISSUE

[¶ 2] The dispositive issue here is whether Martinez's appeal is barred by the doctrine of *res judicata* inasmuch as the parties, the subject matter, the issue, and the parties' capacities are the same in the present proceeding as they were in a previous proceeding.

## FACTS

[¶ 3] On July 18, 2002, Martinez was arrested and charged with three counts of possession of a controlled substance with intent to deliver. Martinez was released on bond on August 1, 2002. On August 28, 2002, the district court modified the terms of Mar-

tinez's release adding a requirement that he stay away from his estranged wife's home. Martinez violated that condition and was arrested on October 18, 2002. On November 4, 2002, Martinez was released on bond. Martinez was again arrested on November 7, 2003, for an August 23, 2003 incident involving domestic violence, and was charged with one felony, third-offense battery of a household member, and two misdemeanors, destruction of property and criminal entry. The above-described cases were docketed as 27–283 (hereinafter the "drug case") and 27–946 (hereinafter the "domestic case").

[¶ 4] On December 11, 2003, Martinez was sentenced in the drug case. The district court sentenced Martinez to 18 to 36 months on Count I and four to six years on Counts II and III. Martinez was given 31 days of credit for time served in the Laramie County Detention Facility while awaiting disposition of the matter. On June 15, 2004, judgment and sentence was entered in the domestic case. Martinez was sentenced to 20 to 24 months on the felony count and six months on each of the misdemeanor counts. The court ordered that all three sentences be served concurrently and awarded 180 days credit for time served.

[¶ 5] Following Martinez's sentencing, he filed a number of motions in an effort to receive more credit for time served. His first motion was filed on February 23, 2005. Martinez filed a *pro se* Motion for Correction of an Illegal Sentence in both the drug case and the domestic case asking the court to award him credit for 180 days of presentence confinement in the drug case. This motion was denied on March 17, 2005, and Martinez did not appeal from that denial.

[¶ 6] On March 30, 2005, Martinez filed a second *pro se* Motion for Correction of an Illegal Sentence in the domestic case asking for credit for 270 days of presentence confinement. This motion was denied on April 29, 2005, and Martinez did not appeal from the denial.

[¶ 7] On May 9, 2005, Martinez filed yet another *pro se* Motion for Correction of an Illegal Sentence in the domestic case asking for "75 total days credit for time served in [the domestic case]." Although not clear

from the motion, Martinez apparently was requesting the 75 days in addition to, rather than in place of, the 180 days he was originally awarded. The district court declined to consider the motion because Martinez did not serve it on the district attorney.

[¶ 8] Finally, on July 11, 2005, Martinez filed his last *pro se* Motion for Correction of an Illegal Sentence again asking that he be given credit for 75 additional days in the domestic case. This motion was denied on July 15, 2005. Martinez filed a *pro se* Notice of Appeal on August 9, 2005, and the appeal was docketed on November 8, 2005. On December 5, 2005, this Court dismissed the appeal for want of prosecution because Martinez had not filed a brief. The appeal, however, was reinstated on January 31, 2006, and on March 17, 2006, the district court appointed the Wyoming Public Defender to represent Martinez. After this Court twice extended the deadline for Martinez to file a brief, we dismissed the appeal pursuant to Martinez's Motion for Voluntary Dismissal of Appeal on June 29, 2006.

[¶ 9] On June 26, 2006, Martinez filed another Motion to Correct an Illegal Sentence in the drug case requesting credit for 150 days of presentence confinement. This motion was denied on August 7, 2006, and Martinez filed a Notice of Appeal on August 11, 2006. This appeal is presently before us for consideration.

## DISCUSSION

[¶ 10] On appeal, Martinez argues that his June 26, 2006 Motion to Correct an Illegal Sentence should have been granted. Before responding to Martinez's substantive arguments, the State contends that Martinez's appeal is barred by the doctrine of *res judicata*.

[¶ 11] We have repeatedly held that motions to correct an illegal sentence, and other claims brought pursuant to W.R.Cr.P. 35(a), are subject to the principles of *res judicata*. *McCarty v. State*, 929 P.2d 524, 525 (Wyo.1996); *Lacey v. State*, 2003 WY 148, ¶ 11, 79 P.3d 493, 495 (Wyo.2003); *Dolence v. State*, 2005 WY 27, ¶ 6, 107 P.3d 176,

178 (Wyo.2005); *Amin v. State*, 2006 WY 84, ¶ 5, 138 P.3d 1143, 1144 (Wyo.2006).

> In determining whether the doctrine of res judicata applies, we examine four factors: (1) identity in parties; (2) identity in subject matter; (3) the issues are the same and relate to the subject matter; and (4) the capacities of the persons are identical in reference to both the subject matter and the issues between them.

*Lacey*, ¶ 11, 79 P.3d at 495 (quoting *Markstein v. Countryside I, LLC*, 2003 WY 122, ¶ 15, 77 P.3d 389, 394 (Wyo.2003)). In Martinez's case, the parties, the subject matter, and the capacities of the parties have been the same in all motions previously filed in this matter. Therefore, our analysis of the *res judicata* question will focus on whether Martinez raised, or had the opportunity to raise, the same issue presently before us in this appeal in any previous proceeding.

[¶ 12] We need look no further than Martinez's first Motion to Correct an Illegal Sentence, filed February 23, 2005. *See supra* at ¶ 5. Martinez brought this motion in both the drug case and the domestic case and the issue raised was whether the sentence imposed was illegal; that is, whether Martinez's presentence confinement had been properly calculated and credited. The district court concluded that Martinez had been awarded the proper amount of credit in each case and concluded that the sentence should not be disturbed. No appeal was taken from this order.

[¶ 13] For reasons not revealed in the record, the district court entertained three additional motions to correct an illegal sentence filed by Martinez (including that which is the subject of the present appeal). *See supra* at ¶¶ 6–9. Although the district court appears to have decided these motions on their merits, we refuse to continue down this course as Wyoming law mandates that all of Martinez's challenges to the legality of his sentences filed subsequent to his first motion to correct an illegal sentence should have been barred by the doctrine of *res judicata*.

[¶ 14] In *Hamill v. State*, 948 P.2d 1356 (Wyo.1997), the defendant filed a petition to vacate or set aside an illegal sentence asserting that his sentence: 1) violated the United

States and Wyoming Constitutions; 2) was based on erroneous information regarding his prior criminal record; and 3) prosecutorial misconduct prejudiced his sentencing. *Id.* at 1358. This petition was denied. *Id.* Five years later, the defendant filed a second petition to correct an illegal sentence based on a different legal theory. *Id.* The district court denied this petition as barred by the doctrine of *res judicata. Id.*

[¶ 15] On appeal the defendant asserted that *res judicata* could not bar his second petition because W.R.Cr.P. 35(a), the rule governing correction or reduction of sentences, provides that "[t]he court may correct an illegal sentence at any time." *Hamill,* 948 P.2d at 1358. The defendant evidently read this language to mean that if he had not alleged a particular error in a previous petition, then the principles of *res judicata* would not preclude him from raising additional legal arguments in subsequent petitions. We rejected this notion stating:

> Contrary to Hamill's assertion, the doctrine of *res judicata* is not limited to only those issues which were actually decided in an earlier proceeding. Issues which *could* have been raised in an earlier proceeding may also be foreclosed from subsequent consideration. *Kallas* [*v. State* ], 776 P.2d [198,] 199 [ (Wyo.1989) ]; *Cutbirth* [*v. State* ], 751 P.2d [1257,] 1261 [ (Wyo. 1988) ]. Thus, unless Hamill can show good cause why the issue was not raised at an earlier opportunity, or that the interests of justice require consideration of his claim, the court may refuse to consider the issue in a later proceeding.

*Id.* at 1358–59 (emphasis in original). We affirmed the district court's finding that the defendant could not show any reason why the new issue was not raised in the previous petition, and that the interests of justice did not require consideration of his claim. *Id.* at 1359–60.

[¶ 16] Also on point is our recent holding in *McDaniel v. State,* 2007 WY 125, 163 P.3d 836 (Wyo.2007). In *McDaniel,* the defendant appealed two first-degree sexual assault convictions on the ground that his right to a speedy trial had been violated. *Id.* at ¶¶ 3–4, 163 P.3d at 837. After his sentence was affirmed on appeal, the defendant filed a motion for sentence reduction pursuant to W.R.Cr.P. 35(b). *Id.* at ¶ 4, 163 P.3d at 837. The basis for his motion was that he had been a model inmate while incarcerated. *Id.* This motion was denied. *Id.* Some time later, defendant filed a motion to correct an illegal sentence asserting that his two sentences should have merged and run concurrently. *Id.* at ¶ 5, 163 P.3d at 837. This motion was denied and defendant filed a timely appeal. *Id.* at ¶ 5, 163 P.3d at 838.

[¶ 17] On appeal, we began our analysis by stating:

> We have repeatedly held that claims brought pursuant to W.R.Cr.P. 35(a) are subject to the principles of *res judicata. McCarty v. State,* 929 P.2d 524, 525 (Wyo. 1996); *Lacey v. State,* 2003 WY 148, ¶ 11, 79 P.3d 493, 495 (Wyo.2003); *Dolence v. State,* 2005 WY 27, ¶ 6, 107 P.3d 176, 178 (Wyo.2005); *Amin v. State,* 2006 WY 84, ¶ 5, 138 P.3d 1143, 1144 (Wyo.2006). We have also repeatedly held that the *res judicata* doctrine applies when a defendant could have raised such an issue in an earlier appeal or motion for sentence reduction but did not do so. *Hamill v. State,* 948 P.2d 1356, 1358–59 (Wyo.1997); *Mead v. State,* 2 P.3d 564, 566 (Wyo.2000); *Gould* [*v. State,* 2006 WY 157,] ¶ 16, 151 P.3d [261,] 266 [ (Wyo.2006) ].

*McDaniel,* ¶ 9, 163 P.3d at 838. In affirming the decision of the district court on *res judicata* grounds, we noted that the defendant could have raised the claim that his sentences should have merged in his first motion to correct an illegal sentence, from which no appeal was taken, or he could have raised this claim in his direct appeal. *Id.* at ¶ 10, 163 P.3d at 838. Because defendant failed to raise the claims when he had the opportunity, his subsequent attempt to do so was barred by *res judicata. Id.*

[¶ 18] The principles articulated in *Hamill* and *McDaniel* apply equally to the present case. Martinez could have, and should have, presented all theories of error in his first motion to correct an illegal sentence. All subsequent efforts by Martinez to challenge his sentence or the amount of credit for time served should have been barred by *res*

*judicata.* Martinez's method of filing multiple motions based on differing but related theories runs counter to the stated purpose of the doctrine of *res judicata.* "The doctrine of res judicata furthers society's interest in having disputes conclusively resolved in a single action and minimizing the expense and difficulties of piecemeal litigation." *Stoneking v. Wheatland Rural Elec. Ass'n,* 2003 WY 81, ¶ 11, 72 P.3d 272, 276 (Wyo.2003).

[¶ 19]   The interests of justice do not compel us to consider the merits of Martinez's claim.   In his response, Martinez does not attempt to articulate any reason why the theories offered in the latest motion were not raised in his first motion.   Furthermore, a review of the record demonstrates Martinez had ample opportunity to raise the issue and theories asserted in this appeal.   Finally, the 211 days of credit for time served awarded to Martinez appears to have been adequate, if not generous.

### CONCLUSION

[¶ 20]   On February 23, 2005, Martinez filed a Motion to Correct an Illegal Sentence in both the drug case and the domestic case asserting that the credit for time served awarded by the district court was inadequate.   The district court denied this motion and Martinez did not pursue an appeal.   After additional motions to correct were denied, Martinez filed an appeal, which appeal was eventually voluntarily dismissed by Martinez.   After dismissing his own appeal, Martinez filed one final motion to correct which was denied and from which the present appeal arises.   The issue raised in this appeal is the same issue raised in all previous proceedings: whether the credit for time served awarded was adequate.   Wyoming law mandates that all efforts made after Martinez's February 23, 2005 motion to correct was denied, including the present appeal, are barred by the doctrine of *res judicata.*

[¶ 21]   Affirmed.