2011 WY 73

**Willis A. CENTER, Sr., Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. S–10–0211.**

Supreme Court of Wyoming.

April 27, 2011.

Representing Appellant: Diane E. Courselle, Defender Aid Program, University of Wyoming College of Law; and Shannon McDonald, Student Intern.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Justin A. Daraie, Assistant Attorney General.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

HILL, Justice.

[¶ 1]   Appellant, Willis A. Center, Sr. (Center), appeals from an order of the district court denying his motion to correct an illegal sentence.  His initial brief was filed *pro se.*  However, a brief in reply to the brief filed by the State was filed on his behalf by the University of Wyoming, College of Law, Defender Aid Program.  He contends that

the district court sent him from an alcohol treatment center (WYSTAR), to the state penitentiary, in a manner that violated his constitutional rights (due process of law). In a closely related argument, Center contends that the district court imposed a sentence that permitted non-judicial personnel to revoke his placement at WYSTAR in a manner that violated his rights to due process of law. We will remand this matter to the district court with directions that the district court credit Center for all time served in connection with his detention at WYSTAR. The district court's sentence is otherwise affirmed.

### ISSUES

[¶ 2]   Center raises these issues:

1.   The district court was in error by sending [Center] directly to prison, without holding either a preliminary or final probation revocation hearing, in violation of the Fourteenth Amendment's Due Process Clause and Wyo. Const. art. 1, § 6.

2.   The district court improperly imposed a sentence providing for a later revocation by non-judicial personnel, in violation of the Fourteenth Amendment's Due Process Clause and Wyo. Const. art. 1, § 6.

The State reformulates those issues in this phrase:

Is [Center's] sentence illegal merely because the district court stayed its issuance of the mittimus, in order to conditionally release [Center] for alcohol abuse treatment, and later issued the mittimus without a further hearing?

Center's Reply Brief asserts that the State's brief suggests these additional issues:

1.   [The State] argues that Center's claim of illegal sentencing is barred by res judicata because it could have been raised on direct appeal, in Center's motion for sentence reduction, or in Center's petition for post-conviction relief.

2.   [The State] maintains that Center's claims are untimely because they should have been raised either on direct appeal from the judgment and sentence or on appeal from the order that led to his incarceration following his termination at WYSTAR.

3.   [The State] argues that if this Court reviews Center's claims, it should do so under the "plain error" standard rather than the "abuse of discretion" standard.

4.   [The State] argues that to the extent Center's sentence permitted his treatment at WYSTAR, it was unambiguously designated a furlough, not a sentence of probation.

5.   [The State] asserts that the district court granted [him] a "furlough" after it imposed a legal sentence, and therefore conferring upon WYSTAR officials the power to determine whether Center should be expelled from treatment and sent instead to prison, without an opportunity to be heard, was not improper delegation or otherwise unlawful.

### FACTS AND PROCEEDINGS

[¶ 3]   Center entered a plea of nolo contendere to the crime of aggravated assault and battery on September 4, 2008. W.R.Cr.P. 11(a)(1)(A). Judgment was entered on that plea on September 23, 2008. Sentence and a Mittimus were entered on November 24, 2008. The sentence imposed was incarceration for a period of 36 to 80 months and no mention is made of probation, except that the district court saw little hope for him on "supervision." Instead, the execution of the sentence was, in essence, conditionally stayed pending Center's admission to WYSTAR, and Center was granted a "furlough" for that purpose. With respect to a "furlough," Wyo. Stat. Ann. § 7–13–701 (LexisNexis 2009) provides:

§ 7–13–701.  Definitions; establishment of programs.

(a)  As used in this section:

(i)  "Department" means the state department of corrections;

(ii)  "Compassionate leave" means a temporary release to visit a member of the inmate's immediate family who is in danger of death, or to attend the funeral services or other last rites of a member of the inmate's immediate family;

(iii) "Immediate family member" means a spouse, child, parent, brother or sister.

(b) The department may adopt reasonable rules and regulations which will provide for a reentry furlough program for inmates of any state penal institution. The reentry furlough program shall be designed for inmates who are about to be released on parole or final discharge from imprisonment to aid in their reintegration as productive members of society. The program may provide for escorted or unescorted temporary leaves of absence from the institution for purposes of:

(i) Securing community living arrangements;

(ii) Job interviews with prospective employers;

(iii) Learning or relearning necessary living skills; and

(iv) Other purposes, consistent with the public interest, necessary for the inmate's successful reintegration into society.

(c) The department may adopt reasonable rules and regulations which will establish a furlough program to provide for escorted or unescorted temporary leaves of absence from any state penal institution for purposes of:

(i) Maintaining the prisoner's relationship with immediate family members; and

(ii) Providing for compassionate leaves.

[¶ 4] The district court recognized that it was taking a risk in allowing Center to receive alcohol rehabilitation treatment pending execution of his sentence, and to a significant extent what the district court did here was an "ad hoc" sentence, although one that was not necessarily contrary to the law that applies to sentencing. The district court made it very clear that if Center did not succeed at WYSTAR, he would be remanded to the Department of Corrections, "no hearing, no nothing." In his reply brief, Center characterized the sentence as "hopelessly confusing." In the full context of the proceedings in this case, the sentence actually is

quite clear. Center had an extensive criminal history that included ever more serious criminal offenses. The district court was willing to give Center a chance at some rehabilitative treatment before incarceration began. Based on the material in the record on appeal, it is apparent that Center willfully refused to conform his behavior to the expectations of the WYSTAR program.

[¶ 5] Center failed at WYSTAR for several reasons, but most importantly because he refused to complete his written "first step" of the Alcoholics Anonymous program utilized by WYSTAR. A document in the file dated October 26, 2009, appears to be Center's effort at completing AA's first step. The State concedes that the record does not reflect with certainty the means used to transfer Center from WYSTAR to the Department of Corrections. However, Center does not assert, much less offer any sort of proof, that the sentence at issue was imposed in a manner that strayed from what the district court represented to him at the sentencing hearing. Moreover, Center has not offered any cogent argument that the district court's sentence was "illegal," as that term is contemplated by our precedents. See, e.g., *Sanchez v. State*, 982 P.2d 149, 150–51 (Wyo. 1999). In his reply brief, Center suggests that his transfer from WYSTAR to the penitentiary was not explained to him. However, much of the documentation Center supplied to the district court makes it abundantly clear that Center knew why he was considered to have failed at WYSTAR and why he continued to fail at the Wyoming State Penitentiary. The record does indicate that on January 28, 2009, Center was transferred by the Sheridan County Sheriff, to the Campbell County Detention Center, and then to the custody of the Department of Corrections.

## DISCUSSION

[¶ 6] We apply this standard of review in a circumstance such as this:

Sentencing decisions are normally within the discretion of the trial court. *Bitz v. State*, 2003 WY 140, ¶ 7, 78 P.3d 257, 259 (Wyo.2003). "Such discretion is limited, however, inasmuch as a court may not enter an illegal sentence. A sentence is

illegal if it violates the constitution or other law." *In re CT*, 2006 WY 101, ¶ 8, 140 P.3d 643, 646 (Wyo.2006) (internal case citation omitted). Whether a sentence is illegal is a question of law, which we review *de novo*. *Manes v. State*, 2007 WY 6, ¶ 7, 150 P.3d 179, 181 (Wyo.2007).

*Endris v. State*, 2010 WY 73, ¶ 13, 233 P.3d 578, 581 (Wyo.2010) (citing *Jackson v. State*, 2009 WY 82, ¶ 6, 209 P.3d 897, 898–99 (Wyo. 2009)).

[¶ 7]   In addition, we have held:

W.R.Cr.P. 35(a) allows a court to correct an illegal sentence at any time. "An illegal sentence is one which exceeds statutory limits, imposes multiple terms of imprisonment for the same offense, or otherwise violates constitutions or the law." *Brown v. State*, 2004 WY 119, ¶ 7, 99 P.3d 489, 491 (Wyo.2004); *Ryan v. State*, 988 P.2d 46, 62–63 (Wyo.1999); *Cardenas v. State*, 925 P.2d 239, 240 (Wyo.1996). Whether a sentence is illegal is determined by referencing the applicable statute or constitutional provisions, and is subject to statutory interpretation. *Brown*, ¶ 7, 99 P.3d at 491; *Ryan*, 988 P.2d at 62–63.

. . . .

... We have repeatedly held that claims brought pursuant to W.R.Cr.P. 35(a) are subject to the principles of *res judicata*. *McCarty v. State*, 929 P.2d 524, 525 (Wyo. 1996); *Lacey v. State*, 2003 WY 148, ¶ 11, 79 P.3d 493, 495 (Wyo.2003); *Dolence v. State*, 2005 WY 27, ¶ 6, 107 P.3d 176, 178 (Wyo.2005); *Amin v. State*, 2006 WY 84, ¶ 5, 138 P.3d 1143, 1144 (Wyo.2006). We have also repeatedly held that the *res judicata* doctrine applies when a defendant could have raised such an issue in an earlier appeal or motion for sentence reduction but did not do so. *Hamill v. State*, 948 P.2d 1356, 1358–59 (Wyo.1997); *Mead v. State*, 2 P.3d 564, 566 (Wyo.2000); *Gould [v. State]*, ¶ 16, 151 P.3d [261], at 266 [ (Wyo.2006) ].

*McDaniel v. State*, 2007 WY 125, ¶¶ 7, 9, 163 P.3d 836, 838 (Wyo.2007); also see *Mead v. State*, 2 P.3d 564, 566 (Wyo.2000).

[¶ 8]   Center did not appeal the judgment and sentence imposed by the district court in November of 2008.   In a pleading filed in the district court on November 2, 2009, Center filed a "Motion for Reduction of Sentence," but did not challenge the sentence itself.   In January of 2010, Center filed a "Petition for Writ of Review" in this Court.   That petition was denied by order entered on February 9, 2010.   *Center v. State*, Case No. S–10–0019.   On April 23, 2010, the district court entered its order denying Center's motion for correction of illegal sentence.   Center filed a timely notice of appeal, and the appeal was docketed in this Court on October 1, 2010. We conclude that Center's sentence was not illegal and, when viewed in its entirety and in the unusual context of this case, he was not denied due process of law.

## CONCLUSION

[¶ 9]   The sentence imposed by the district court was unusual and, perhaps, ill-advised.   We do not approve of this departure from the many sentencing alternatives that are available to the district court.   However, we do not find in the record on appeal circumstances that render it an "illegal" sentence.   The order of the district court denying Center's motion to correct an illegal sentence is remanded to the district court for the purpose of amending the disputed sentence so as to credit Center for all time served in connection with his detention at WYSTAR.   The sentence is otherwise affirmed.

VOIGT, Justice, dissenting, with whom BURKE, Justice, joins.

[¶ 10]   I dissent because I cannot find a statute or court rule that authorizes the district court to sentence the appellant in the manner that it did.   This is what the record reveals: At his arraignment on September 4, 2008, the appellant pled no contest to aggravated assault and battery, a felony.   Judgment of conviction was entered orally on the same date, and a written judgment was entered on September 23, 2008.   Sentencing took place on November 4, 2008.   The district court imposed a sentence of 36 to 80 months, and gave the appellant credit for 107 days served.   The district court then ***stayed execution of the sentence***, with the following

conditions: (1) the appellant was not remanded to the Department of Corrections; (2) the appellant was to be transported to and from WYSTAR by "law enforcement"; (3) successful completion of the WYSTAR program would lead to a hearing and the possibility of the appellant being allowed to participate in an adult community corrections program; (4) failure to complete the WYSTAR program would lead to immediate arrest, execution of the sentence, and transfer to the Department of Corrections, without a hearing; (5) no credit for time served would be allowed for attendance at WYSTAR; (6) unauthorized absence from WYSTAR would constitute escape.

[¶ 11] A written sentence was filed on November 24, 2008, in which the district court stated that "execution of this sentence and the accompanying order for Mittimus is stayed pending the Defendant's admission to WYSTAR." The written sentence, while containing provisions similar to those stated orally at the sentencing hearing, also provided that "the Defendant shall be granted a *furlough* to inpatient treatment at WYSTAR...." (Emphasis added.) The rest is history; upon the appellant's failure to complete the WYSTAR program, he was discharged, arrested, and transported to the Wyoming State Penitentiary without hearing.[1]

[¶ 12] The district court purportedly suspended the execution of sentence in this case. Wyo. Stat. Ann. § 7–13–302(a)(i) (LexisNexis 2009) provides as follows:

> (a) After conviction or plea of guilty for any offense, except crimes punishable by death or life imprisonment, and following entry of the judgment of conviction, the court may:
>
> > (i) Suspend the imposition or execution of sentence *and place the defendant on probation*[.]

(Emphasis added.)[2] Revocation of probation requires a hearing. W.R.Cr.P. 39(a)(1). Perhaps because the district court contemplated the appellant's delivery to the Department of Corrections without a hearing in the event of a failure at WYSTAR, the district court did not place the appellant on probation, even though that seems to be the procedure mandated by the statute. Instead, in the written Sentence, the district court characterized the appellant's post-sentencing release as a "furlough." I find no statute, however, that allows a district court to furlough a felon once that felon has been sentenced. Rather, it appears that the only "furlough" program is the one established by Wyo. Stat. Ann. § 7–13–701 (LexisNexis 2009), which grants such authority only to the Department of Corrections.

[¶ 13] In short, I have been unable to locate in statute or court rule authority for a district court to impose a prison sentence, stay execution of that sentence, release the defendant with conditions, but not on probation, have that release revoked without a hearing, and not give credit for time served at a facility where the defendant was subject to a charge of escape. "A sentence that imposes a punishment not authorized by the legislature ... is illegal." *Endris v. State,* 2010 WY 73, ¶ 15, 233 P.3d 578, 581 (Wyo. 2010) (quoting *Apodaca v. State,* 891 P.2d 83, 85 (Wyo.1995)). *See also Bishop v. State,* 687 P.2d 242, 247 (Wyo.1984) ("The legislature is the body empowered to determine what crimes are punishable and prescribe punishment for those acts."), *overruled in part on other grounds by Griswold v. State,* 994 P.2d 920, 926 (Wyo.1999). This was an illegal sentence.

---

1. The Mittimus is in the court file, attached to the Sentence, and without a separate file stamp, so it appears to have been filed along with the Sentence.

2. W.R.Cr.P. 38, entitled "Stay of execution of sentence," does not appear to modify the statutory scheme for such a stay.