# IN THE SUPREME COURT, STATE OF WYOMING

## 2014 WY 128

OCTOBER TERM, A.D. 2014

October 14, 2014

DEON ALLEN LEONARD,

Appellant
(Defendant),

v.

S-14-0111

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Sweetwater County*
*The Honorable Richard L. Lavery, Judge*

*Representing Appellant:*
    Deon A. Leonard, *pro se*.

*Representing Appellee:*
    Peter K. Michael, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Jenny L. Craig, Senior Assistant Attorney General.

*Before BURKE, C.J., and HILL, KITE, DAVIS, and FOX, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FOX, Justice.**

[¶1]    Appellant Deon Allen Leonard was convicted of four counts of sexual abuse of a minor in the second degree.  He was sentenced to thirteen to fifteen years on each count, to be served consecutively.  Mr. Leonard now appeals the district court's denial of his W.R.Cr.P. 35 motion, and alleges that he has been sentenced to multiple terms of imprisonment for the same offense in violation of the double jeopardy clauses of the United States and Wyoming Constitutions.  We find that Mr. Leonard's appeal is barred by *res judicata* and affirm.

## ISSUE

[¶2]    1.   Is Mr. Leonard's appeal barred by *res judicata*?

## FACTS

[¶3]    On March 28, 2012, a jury convicted Mr. Leonard of four counts of sexual abuse of a minor in the second degree.  He was sentenced to thirteen to fifteen years on each count to be served consecutively.  On appeal, Mr. Leonard presented the following issues for our review:

> The prosecuting attorney's misconduct during the trial precluded [Leonard] from receiving a fair trial as guaranteed by the due process clause of the 14th amendment to the constitution.
>
> [Leonard] was denied a fair trial as a result of the violation of his 5th amendment right against self-incrimination caused by the deficient assistance of counsel.

*Leonard v. State*, 2013 WY 39, ¶ 2, 298 P.3d 170, 171 (Wyo. 2013).  We affirmed Mr. Leonard's convictions, finding that there was no prosecutorial misconduct, and that Mr. Leonard failed to meet his burden of demonstrating that his counsel's performance was deficient.  *Id.* at ¶ 15, 298 P.3d at 173.

[¶4]    After serving approximately eight months of his sentence, Mr. Leonard, acting *pro se*, filed an Affidavit and a Motion for Sentence Reduction Pursuant to Rule 35(b) of the Wyoming Rules of Criminal Procedure.  Mr. Leonard requested that the district court merge his sentences pursuant to *Sweets v. State*, 2013 WY 98, 307 P.3d 860 (Wyo. 2013), arguing that all of the charges stemmed from the same offense.  Construing the filing as a

1

double jeopardy claim, the district court dismissed the motion. Mr. Leonard promptly filed a Motion for Rehearing which the district court also denied. Mr. Leonard timely filed his Notice of Appeal.

## DISCUSSION

[¶5]    Mr. Leonard's original motion sought a sentence reduction pursuant to W.R.Cr.P. 35(b). Mr. Leonard requested that the district court merge his sentences, stating, "So my understanding is, if all the charges are the same 'offense' and have the same statutory elements the sentences should be merged." Mr. Leonard further argued that the double jeopardy clause prohibited the imposition of multiple sentences for the same offense. The substance of Mr. Leonard's motion, therefore, is not one to reduce his sentence, but one to correct a sentence imposed illegally and in violation of the United States and Wyoming Constitutions. *See Ragsdale v. Hartford Underwriters Ins. Co.*, 2007 WY 163, ¶ 4, 169 P.3d 78, 80 (Wyo. 2007) ("[T]his Court looks to the substance of a motion in order to determine the appropriateness of the motion."); *see also Hawes v. State*, 2014 WY 127, ¶ 8 n.2, --- P.3d ---, --- n.2 (Wyo. 2014) (overlooking any ambiguity in the statement of the issues and looking to the substance of the argument); *see also Osborn v. Emporium Videos*, 848 P.2d 237, 240 (Wyo. 1993) ("The litigant acting pro se is entitled to 'a certain leniency' from the more stringent standards accorded formal pleadings drafted by lawyers[.]").

[¶6]    Wyoming Rule of Criminal Procedure 35(a) vests courts with the authority to "correct an illegal sentence at any time." "An illegal sentence is one that exceeds statutory limits, imposes multiple terms of imprisonment for the same offense, or otherwise violates constitutions or the law." *Brown v. State*, 2004 WY 119, ¶ 7, 99 P.3d 489, 491 (Wyo. 2004). Mr. Leonard argues his multiple terms of imprisonment are for the same offense and violate his constitutional protection against double jeopardy. *Id.*; *Mebane v. State*, 2014 WY 72, ¶ 3, 326 P.3d 928, 929 (Wyo. 2014). Because we find that Mr. Leonard's claim is barred by *res judicata*,[1] we refrain from determining whether the imposition of multiple sentences for Mr. Leonard's multiple convictions violated the double jeopardy clause.

[¶7]    *Res judicata* bars the relitigation of claims raised and decided in a previous criminal proceeding. *Markstein v. Countryside I, L.L.C.*, 2003 WY 122, ¶ 15, 77 P.3d

---

[1] "It is well established that claims brought to correct illegal sentences pursuant to W.R.Cr.P. 35(a) are subject to the principles of *res judicata*." *DeMillard v. State*, 2014 WY 105, ¶ 10, 332 P.3d 534, 536 (Wyo. 2014) (citing *Cooper v. State*, 2010 WY 22, ¶ 6, 225 P.3d 1070, 1072 (Wyo. 2010); *Amin v. State*, 2006 WY 84, ¶ 5, 138 P.3d 1143, 1144 (Wyo. 2006); *Dolence v. State*, 2005 WY 27, ¶ 6, 107 P.3d 176, 178 (Wyo. 2005); *Lacey v. State*, 2003 WY 148, ¶ 11, 79 P.3d 493, 495 (Wyo. 2003); *McCarty v. State*, 929 P.2d 524, 525 (Wyo. 1996)); *see also Hamill v. State*, 948 P.2d 1356, 1358-59 (Wyo. 1997).

2

389, 394 (Wyo. 2003); *Gould v. State*, 2006 WY 157, ¶ 15, 151 P.3d 261, 266 (Wyo. 2006). The doctrine, however, is not strictly limited to issues actually presented, but also encompasses those issues that *could* have been brought in an earlier proceeding, but were omitted. *Hamill v. State*, 948 P.2d 1356, 1358-59 (Wyo. 1997).

[¶8] Mr. Leonard argues that *Sweets v. State*, 2013 WY 98, 307 P.3d 860 (Wyo. 2013), which we decided after Mr. Leonard's appeal, controls the outcome of his case. If Mr. Leonard's contention was correct, *res judicata* would not bar Mr. Leonard's claim as the issue he presented would be new, and one that he could not have presented in a prior proceeding. *Hopkinson v. State*, 708 P.2d 46, 49 (Wyo. 1985) (finding questions presented were barred by *res judicata* as "[n]o new facts or law are presented which shed any new light on the case"). Mr. Leonard's contention that *Sweets* controls, however, is in error.

[¶9] In *Sweets*, we explicitly overruled our precedent which applied the same facts or evidence test to double jeopardy issues implicating the merger of multiple sentences, declaring that "the same elements test shall henceforth serve as our sole test for evaluating sentencing merger questions." *Sweets*, 2013 WY 98, ¶ 49, 307 P.3d at 875. Mr. Leonard now relies on our decision in *Sweets* to argue that his multiple sentences must merge, as the elements for each of his convictions are identical.[2] However, the same elements test does not apply in this case, which involves multiple violations of the same statute. In *Tucker v. State*, 2010 WY 162, 245 P.3d 301 (Wyo. 2010), we established:

> In instances where the protection against multiple punishments is implicated and multiple convictions are based on violations of *different* statutes, a double jeopardy claim is analyzed under the "same elements" test described in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), . . . However, in cases that involve two

---

[2] The jury was instructed separately on the requisite elements for each count of sexual abuse of a minor in the second degree charged against Mr. Leonard. The elements instructions for each of the four counts were identical:

1. On or between the 9th day of April, 2009 and the 31st day of August, 2011
2. In Sweetwater County, Wyoming
3. The Defendant, DEON ALLEN LEONARD
4. Engaged in sexual contact with P.G.;
5. P.G. was less than eighteen (18) years of age;
6. The Defendant was P.G.'s parent; and
7. The Defendant was at least eighteen (18) years of age.

violations of the *same* statute, the "same elements" test does not apply. Instead, when two violations arise from the same statute, we look directly to the intent of the legislature to determine the appropriate "unit of prosecution." *See Amrein v. State*, 836 P.2d 862, 865 (Wyo. 1992).

*Tucker*, 2010 WY 162, ¶ 42, 245 P.3d at 312; *see also Solis v. State*, 2013 WY 152, ¶ 70, 315 P.3d 622, 637 (Wyo. 2013) (applying *Blockburger* same elements test to claim of multiple violations of different statutes, and distinguishing cases "when two violations arise from the same statute"). *Tucker* therefore controls Mr. Leonard's case, and not *Sweets*.

[¶10] We decided *Tucker* before Mr. Leonard was charged, and long before his trial and appeal. He therefore had every opportunity to present his double jeopardy claim in his initial appeal. He failed to do so. We have long held that issues which could have been raised in a prior proceeding are "foreclosed from subsequent consideration" under the doctrine of *res judicata*, unless the appellant demonstrates good cause as to why the issue was not earlier raised. *Hamill*, 948 P.2d at 1358, *quoted in Lacey v. State*, 2003 WY 148, ¶ 11, 79 P.3d 493, 495 (Wyo. 2003); *Gould*, 2006 WY 157, ¶ 15, 151 P.3d at 266 (quoting *Lacey*, 2003 WY 148, ¶ 11, 79 P.3d at 495). Mr. Leonard fails to demonstrate good cause why the double jeopardy issue was not raised in his earlier appeal. We therefore find that his claim is barred by *res judicata*.

[¶11] Affirmed.