STATE of Utah, Plaintiff and Respondent,

v.

Gus Marion JANIS, Defendant and Appellant.

No. 16072.

Supreme Court of Utah.

June 21, 1979.

Gary L. Gale, Ogden, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Craig L. Barlow, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

STEWART, Justice:

On March 7, 1975, the appellant was convicted of issuing a bad check in violation of Utah Code Ann., Section 76–6–505 (1953), as amended. Following appellant's waiver of time in which to impose a sentence, the sentencing date was set for March 24, 1975. That date was continued at appellant's request until April 7, 1975.

Two 90-day evaluation periods were ordered and completed. The appellant then on October 20, 1975, appeared before the same trial judge who had presided at the trial. At that time imposition of sentence was continued to October 18, 1976, and appellant was placed on probation. As a condition of probation he was required to remain in the Community Treatment Center and to make restitution.

On October 19, 1976, appellant was ordered by the trial judge to show cause why his probation should not be revoked and a hearing was then set for October 27, 1976. At that time the appellant was held in violation of the terms of his probation and was ordered to undergo a field study by the Salt Lake Probation Department.

On November 15, 1976, probation was ordered to be continued under the previously imposed conditions except that appellant was to spend ten days in jail. On December 26, 1976, an order for further report and imposition of sentence was continued until December 26, 1977. Probation was extended for one year by the same judge. On September 30, 1977, appellant appeared before the same trial judge who at that time disqualified himself from hearing the matter and ordered the case transferred to Salt Lake County for assignment and hearing within the Third Judicial District.

Appellant was then ordered to show cause why his probation should not be revoked. On September 21, 1978, a hearing was conducted by a judge in the Third Judicial District. As a result of that hearing appellant's probation was revoked, and the judge imposed a sentence of 0–5 years in the Utah State prison.

The gravamen of the appellant's contention on appeal is that he was not sentenced within a reasonable time after his conviction. The answer to appellant's contention is found in Utah Code Ann., Section 77–35–17 (1953), as amended which in pertinent part reads as follows:

Upon a plea of guilty or conviction of any crime or offense, if it appears compatible with the public interest, the court having jurisdiction may suspend the imposition or the execution of sentence and may place the defendant on probation for such period of time as the court shall determine.

The court may subsequently increase or decrease the probation period, and may revoke or modify any condition of probation.

In *Williams v. Harris*, 106 Utah 387, 392, 149 P.2d 640, 642 (1944) this Court stated:

The right to suspend imposition of sentence and the right to place one on probation is a discretionary right. . . . Violation of the terms and conditions of suspension or probation is usually a ground for revocation and the imposition of sentence.

This Court also stated in *State v. Helm*, Utah, 563 P.2d 794, 797 (1977):

. . . where there is a reasonable extension of time for sentencing, made either at the defendant's request, or with his consent, or where it appears that it was calculated to be for his possible benefit in determining whether he should be placed on probation, as was the result here, the failure of the court to impose sentence within the statutory time should not be grounds for the defendant's release, but should be treated in the same manner as just recited above. [Citations omitted.]

Appellant also contends that hearings in which imposition of his sentence was continued were conducted in his absence in violation of Utah Code Ann., Section 77–35–3 (1953), as amended. That provision provides:

For the purpose of judgment, if the conviction is for a felony, the defendant must be personally present; if for a misdemeanor, the judgment may be pronounced in his absence.

Appellant was present when probation was first imposed and on each occasion when threatened with revocation of probation. The order of September 30, 1977, continuing his probation, did not change his status and merely continued the status quo. In short, the appellant was in attendance at each critical hearing dealing with either the imposition of his sentence or the possible revocation of probation.

The judgment is affirmed.

CROCKETT, C. J., and MAUGHAN, WILKINS and HALL, JJ., concur.