2008 WY 93

**Eric DEMILLARD, Appellant
(Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

**No. S–07–0290.**

Supreme Court of Wyoming.

Aug. 14, 2008.

Representing Appellant: Diane Lozano, State Public Defender, PDP; Tina N. Kerin, Appellate Counsel. Argument by Ms. Kerin.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Eric Johnson, Director, PAP; Brian Hunter, Student Director, PAP; Jonah Buckley, Student Intern. Argument by Mr. Buckley.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

KITE, Justice.

[¶ 1]   The district court denied Mr. DeMillard's requests to modify the terms of his probation or to discharge him from probation. He claims on appeal that his constitutional rights were violated because he was not present during the hearing on his motions. We conclude that the hearing was not part of his criminal prosecution and he was afforded all of the process he was due under the circumstances. Consequently, no error occurred when the district court did not require his presence.

[¶ 2]   We affirm.

---

1.  Prior to the motions at issue here, Mr. DeMillard had filed many other requests with the dis-

## ISSUE

[¶ 3]   Mr. DeMillard presents the following issue on appeal:

> Was Appellant denied his right to be present at a critical stage of the proceedings?

Although more detailed, the State's statement of the issue is similar.

## FACTS

[¶ 4]   The underlying facts in this appeal are not disputed. In 1999, Mr. DeMillard was charged with four counts of kidnapping, four counts of interference with custody, one count of interference with a peace officer, one count of possession of a weapon with unlawful intent and one count of aggravated burglary for keeping his children in his estranged wife's home in Rawlins, Wyoming for several days without her permission, while holding law enforcement at bay.

[¶ 5]   During his criminal prosecution, there were considerable questions about Mr. DeMillard's mental health. The district court finally determined that he was competent to proceed and he entered into a plea agreement with the State in which he agreed to plead guilty to burglary and attempted assault on a peace officer and *nolo contendre* to four counts of interference with custody and the State agreed to dismiss the remaining charges. The district court accepted the agreement and sentenced Mr. DeMillard to prison, but suspended the sentences and ordered him to serve a long period of supervised probation. One of the terms of his probation was that he have nocontact with his ex-wife or children.

[¶ 6]   On July 19, 2007, Mr. DeMillard filed a motion to modify his probation conditions to allow him to have telephone contact with his children. He also filed a separate motion requesting that the district court discharge him from probation altogether.[1] The State contested his motions.

[¶ 7]   The district court held a hearing on the pending motions on September 6, 2007. The attorneys appeared by telephone, but Mr. DeMillard was not present at the hearing. The district court asked about Mr.

---

trict court to be allowed contact with his children.

DeMillard's absence and defense counsel replied, "Your Honor, this was a telephonic conference. I just did not feel the need for his presence here and could address it without his presence." After the hearing, the district court denied Mr. DeMillard's motions, and he appealed.[2]

## STANDARD OF REVIEW

■ [¶ 8] The question of whether a defendant had the right to be present at a hearing or specific phase of his trial is an issue of law subject to *de novo* review. *Seeley v. State*, 959 P.2d 170, 175 (Wyo.1998).

## DISCUSSION

■ [¶ 9] A criminal defendant has the right to be present during every critical stage of his criminal proceeding. There are numerous federal and Wyoming guaranties of this right. "The Sixth Amendment and the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution guarantee an accused the right to be present during every stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure." *Skinner v. State*, 2001 WY 102, ¶ 20, 33 P.3d 758, 765 (Wyo. 2001). Article 1, § 10 of the Wyoming Constitution "is even more explicit in its guarantee to an accused of the right of presence at trial." *Maupin v. State*, 694 P.2d 720, 722 (Wyo.1985). That provision states: "In all criminal prosecutions the accused shall have the right to defend in person...." Wyo. Const., art. 1, § 10. "'The right to be present at trial stems in part from the fact that by his physical presence the defendant can hear and see the proceedings, can be seen by the jury, and can participate in the presentation of his rights.'" *Skinner*, ¶ 21, 33 P.3d at 765, quoting *Bustamante v. Eyman*, 456 F.2d 269, 274 (9th Cir.1972). However, the "defendant's presence is not required when it 'would be useless, or the benefit but a shadow.'" *Seeley*, 959 P.2d at 177, quoting *Snyder v. Com. of Mass.*, 291 U.S. 97, 106–07, 54 S.Ct. 330, 332–33, 78 L.Ed. 674 (1934).

[¶ 10] The constitutional guarantees are also incorporated into Wyo. Stat. Ann. § 7–11–202 (LexisNexis 2007) and W.R.Cr.P. 43(a) which provide that, except as otherwise provided by law, a defendant shall be present at his initial appearance, arraignment, plea, every stage of the trial (including the impaneling of the jury and the return of the verdict) and imposition of sentence. The constitutional provisions, Rule 43(a) and § 7–11–202 do not specifically refer to a motion to modify the conditions of probation or to be released from probation. Consequently, they do not answer the question of whether probation modification is a critical stage of the criminal prosecution.

[¶ 11] The State argues that a post-sentencing probation modification proceeding is not a critical stage in a criminal prosecution because it is not part of the criminal prosecution at all. The United States Supreme Court has provided guidance on this issue. In *Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972), the Supreme Court ruled that revocation of parole is not part of the criminal prosecution. Following up on the *Morrissey* decision, the United States Supreme Court stated in *Gagnon v. Scarpelli*, 411 U.S. 778, 781–82, 93 S.Ct. 1756, 1759, 36 L.Ed.2d 656 (1973), that probation revocation proceedings are not part of the criminal prosecution. Because post-sentencing proceedings related to probation are not part of the criminal prosecution, they are not governed by the specific constitutional provisions requiring a defendant's attendance. *Id.; Morrissey*, 408 U.S. at 480, 92 S.Ct. 2593. The Supreme Court recognized, however, that due process principles do apply to probation revocation proceedings because there is a potential for loss of liberty. *Id. See also, CT v. State (In re CT)*, 2006 WY 101, ¶ 9, 140 P.3d 643, 646 (Wyo.2006).

■ [¶ 12] Consistent with *Morrissey* and *Gagnon*, our statutes and rules recognize that a defendant is entitled to a hearing on a petition to revoke his probation. *See, e.g.*, Wyo. Stat. Ann. § 7–13–305(c) (LexisNexis 2007) and W.R.Cr.P. 39(a). In contrast,

---

**2.** Mr. DeMillard filed the notice of appeal *pro se* and incorrectly identified the order being appeal-ed as the judgment and sentence instead of the order denying his motions.

Wyo. Stat. Ann. § 7–13–304(a) and W.R.Cr.P. 39(b) delineate the process that is due a defendant on a motion to modify the conditions of probation. Section 7–13–304(a) states: "The court may impose, and at any time modify, any condition of probation or suspension of sentence." That statute indicates that the court can modify the conditions of probation at "any time," suggesting that a hearing is not necessary. Similarly, Rule 39(b) states that a court "may" hold a hearing on an opposed petition to modify the conditions of probation, but it does not compel the court to do so. We have ruled that, even in the context of criminal prosecution, when a hearing is not necessary on a particular motion, attendance by the defendant is not constitutionally required. *See, e.g., Monroe v. State,* 2006 WY 5, ¶ 21, 126 P.3d 97, 104 (Wyo.2006). It follows that, since Mr. DeMillard was not entitled to a hearing on his motions, the district court was not required to assure his attendance at the hearing it gratuitously allowed.

■ [¶ 13] In addition, our rules relating to the procedures for requests for sentence reduction provide some guidance on the question presented here. Section 7–11–202 specifically states that "[t]he defendant's presence is not required at a reduction of sentence hearing." *See also,* W.R.Cr.P. 43(c). The probation condition that Mr. DeMillard was not to have contact with his children was included in his sentence. He requested that the probation condition be modified to allow him to have telephone contact with his children or that he be released from probation prior to the date set forth in his sentence. Thus, his motions were essentially requests for sentence reduction and, under § 7–11–202 and W.R.Cr.P. 43(c), his presence was not required at the hearing.

[¶ 14] Although we have not been directed to or located any Wyoming cases that specifically considered a defendant's right to be present at a hearing on a motion to reduce a sentence or modify the conditions of probation, courts in other jurisdictions have addressed similar issues. In *State v. Sommer,* 118 N.M. 58, 878 P.2d 1007, 1008 (Ct. App.1994), the New Mexico court of appeals concluded that the defendant did not have a constitutional right to be present at a hearing

to reconsider his sentence and no such right existed pursuant to New Mexico rules or statutes, except where the hearing could result in a more onerous sentence. Similarly, the Utah Supreme Court ruled that the defendant's presence was not required when the trial court entered an order continuing his probation. *State v. Janis,* 597 P.2d 873, 874 (Utah 1979).

[¶ 15] Mr. DeMillard argues that the proceedings pertained to his fundamental right to associate with his children, thereby implicating constitutional protections, including the right to attend the hearing on his motions. This argument fails to acknowledge that the right to associate with his children was already limited in his sentence, which included the probation condition that he have no contact with them. He attended the sentencing hearing and, in fact, agreed to the condition. His motion to change that condition did not raise the possibility that his fundamental right to associate with his children could be subject to greater limitation than had already been imposed.

■ [¶ 16] In summary, Mr. DeMillard's motions to modify the conditions of his probation or release him from probation were not part of his criminal prosecution and the specific constitutional, statutory and procedural rules requiring a defendant's attendance during the criminal prosecution do not apply. Section 7–13–304(a) and W.R.Cr.P. 39(b) did not mandate that the district court hold a hearing on Mr. DeMillard's motions for modification of his probation; consequently, he was not entitled to be present at the gratuitous hearing that was held. Finally, his motions were essentially requests for a sentence reduction and, under § 7–11–202 and W.R.Cr.P. 43(c), he was not entitled to be present at the hearing on his motions. Taking all of these authorities together, we conclude that Mr. DeMillard's legal rights were not violated when he was not present at the hearing on his motions to modify his probation conditions or release him from probation.

[¶ 17] Affirmed.