# IN THE SUPREME COURT, STATE OF WYOMING

## 2014 WY 105

APRIL TERM, A.D. 2014

August 19, 2014

ERIC L. DEMILLARD,

Appellant
(Defendant),

v.                                                              S-14-0032

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Carbon County*
*The Honorable Norman E. Young, Judge*

*Representing Appellant:*
    Eric L. DeMillard, *pro se*.

*Representing Appellee:*
    Peter K. Michael, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Jenny L. Craig, Senior Assistant Attorney General; Jennifer E. Zissou, Assistant Attorney General.

*Before BURKE, C.J., and HILL, KITE,\* DAVIS, and FOX, JJ.*

*\*Chief Justice at time of expedited conference.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FOX**, **Justice**.

[¶1]    Eric DeMillard appeals the district court's order denying his motion to correct his sentence.  He contends the district court erred in revoking his probation when the term of his probation had already expired.  Because his claims should have been raised earlier and his probation was revoked in a timely manner according to the Wyoming statutes, we affirm.

## ISSUES

[¶2]    Is Mr. DeMillard's claim that his probation revocation was unlawful barred by the doctrine of *res judicata*?  If not, did the district court have the authority to revoke Mr. DeMillard's probation and impose underlying sentences when the first term of probation had expired?

## FACTS

[¶3]    Mr. DeMillard held his four children hostage for four days in the Rawlins home of his estranged wife.  He pled guilty to burglary and attempted assault on a peace officer and *nolo contendre* to four counts of interference with custody.  *DeMillard v. State*, 2008 WY 93, ¶ 4, 190 P.3d 128, 129 (Wyo. 2008) (*DeMillard I*); *DeMillard v. State*, 2013 WY 99, ¶ 2, 308 P.3d 825, 827 (Wyo. 2013) (*DeMillard II*).  On March 12, 2001, the district court sentenced him to prison on each of the counts, but suspended the sentence in favor of supervised probation consisting of two terms: a ten-year term for the burglary and attempted assault counts, followed by a two-year term for the interference with custody counts.  As a condition of his probation, Mr. DeMillard was prohibited from contacting his children.

[¶4]    In 2007, Mr. DeMillard filed motions seeking to modify his probation conditions to allow him to have contact with his children and to discharge him from probation.  *DeMillard I*, 2008 WY 93, ¶ 6, 190 P.3d at 129.  The district court denied these motions and Mr. DeMillard appealed.  The sole issue on appeal was whether Mr. DeMillard had a right to be present at the probation modification hearing.  We affirmed the district court's decision, concluding that because Mr. DeMillard's motions were not part of his criminal prosecution, he was not entitled to be present.  *Id*. at ¶ 16, at 131.

[¶5]    The State sought to revoke Mr. DeMillard's probation four times.  *DeMillard II*, 2013 WY 99, ¶¶ 3-6, 308 P.3d at 827-28.  The State filed its last petition to revoke on April 6, 2011.  *Id.* at ¶ 6, at 828.  Finding that Mr. DeMillard had violated the terms of his probation, the district court revoked probation, imposed the underlying consecutive sentences, and credited him with 2,280 days for time served.

1

[¶6]   Mr. DeMillard then appealed the revocation of his probation, raising two issues: He argued that his probation violations were not willful and that he was improperly ordered involuntary medication to restore him to competency.  *DeMillard II*, 2013 WY 99, ¶ 1, 308 P.3d at 827.  We affirmed the probation revocation in August 2013.  *Id*. at ¶ 21, at 832.

[¶7]   The present matter began in December 2013, when Mr. DeMillard filed a *pro se* motion to correct illegal sentence.  Mr. DeMillard argued that the imposition of the underlying seven- to ten-year sentence was erroneous because he had completed his ten-year term of probation before it was revoked.  Mr. DeMillard also argued that, while his second, two-year, term of probation could still be revoked and the two- to five-year sentence imposed, he would not have to serve time on that sentence because of his 2,280 days of credit for time served.  The district court denied the motion and this appeal followed.

## STANDARD OF REVIEW

[¶8]   We apply a *de novo* standard of review to claims of illegal sentences.  *Cothren v. State*, 2013 WY 125, ¶ 25, 310 P.3d 908, 915 (Wyo. 2013); *Moronese v. State*, 2012 WY 34, ¶ 5, 271 P.3d 1011, 1013 (Wyo. 2012); *Gould v. State*, 2006 WY 157, ¶ 7, 151 P.3d 261, 264 (Wyo. 2006).  Whether the district court had the authority to revoke probation is a question of law which we review *de novo*.  *Moore v. State*, 2009 WY 108, ¶ 11, 215 P.3d 271, 274 (Wyo. 2009).

## DISCUSSION

[¶9]   Mr. DeMillard challenges the legality of his sentence under W.R.Cr.P. 35, arguing that the first term of his probation was revoked after he had already completed it.  The State contends that, first, Mr. DeMillard's claims are barred by the doctrine of *res judicata*, and second, that the probation revocation was proper because it fell within the time parameters of Wyo. Stat. Ann. § 7-13-305(c) (LexisNexis 2013).

[¶10]  We find that because Mr. DeMillard failed to raise the issue of the timing of his probation revocation in his recent appeal in *DeMillard II*, he cannot raise it now.  It is well established that claims brought to correct illegal sentences pursuant to W.R.Cr.P. 35(a) are subject to the principles of *res judicata*.  *Cooper v. State*, 2010 WY 22, ¶ 6, 225 P.3d 1070, 1072 (Wyo. 2010) (citing *Amin v. State*, 2006 WY 84, ¶ 5, 138 P.3d 1143, 1144 (Wyo. 2006); *Dolence v. State*, 2005 WY 27, ¶ 6, 107 P.3d 176, 178 (Wyo. 2005); *Lacey v. State*, 2003 WY 148, ¶ 11, 79 P.3d 493, 495 (Wyo. 2003); *McCarty v. State*, 929 P.2d 524, 525 (Wyo. 1996)). The doctrine of *res judicata* applies to bar an issue from being raised when an appellant could have raised the issue in an earlier appeal or motion

for sentence reduction, but failed to do so. *Id.*; *Dax v. State*, 2012 WY 40, ¶ 10, 272 P.3d 319, 321 (Wyo. 2012).

> Four factors are used to determine the applicability of the doctrine: "(1) identity in parties; (2) identity in subject matter; (3) the issues are the same and relate to the subject matter; and (4) the capacities of the persons are identical in reference to both subject matter and the issues between them."

*Id.* at ¶ 9, 272 P.3d at 321 (quoting *Martinez v. State*, 2007 WY 164, ¶ 11, 169 P.3d 89, 91 (Wyo. 2007)). An appellant may be able to overcome the application of the doctrine where he can show good cause why the issue was not raised earlier. *Id.* at ¶ 11, at 321.

[¶11] Mr. DeMillard has already challenged the district court's revocation of his probation. In *DeMillard II*, he argued that his violations of the terms of his probation were not willful and as a result his probation was not properly revoked. However, he failed to raise the question of the timing of his probation revocation. *See DeMillard II*, 2013 WY 99, ¶¶ 12-16, 308 P.3d at 829-31. Because the parties are the same, the subject matter is the same, the issue is the same, and the capacities of the parties are the same, the doctrine of *res judicata* applies here. Moreover, Mr. DeMillard has given no reason which would amount to "good cause" as to why he did not raise the question of timing in his appeal in *DeMillard II*. As a result, the doctrine of *res judicata* applies to bar the issue raised in his current appeal.

[¶12] Nevertheless, it bears noting that the district court's revocation of Mr. DeMillard's probation was timely. Wyoming statutes provide:

> (c) For a violation of a condition of probation occurring during the probationary period, revocation proceedings may be commenced at any time during the period of suspension of sentence or probation under W. S. 7-13-302, or within thirty (30) days thereafter, in which case the court may issue a warrant and cause the defendant to be arrested. If after hearing the court determines that the defendant violated any of the terms of probation or suspension of sentence, the court may proceed to deal with the case as if no suspension of sentence or probation had been ordered.

Wyo. Stat. Ann. § 7-13-305(c). On March 12, 2001, Mr. DeMillard began serving his first term of probation, which lasted for ten years, to be followed by an additional two-year period. The State initiated probation revocation proceedings when it filed its

petition to revoke Mr. DeMillard's probation on April 6, 2011,[1] twenty-five days after Mr. DeMillard completed his first term of probation and within the thirty-day time limit provided in Wyo. Stat. Ann. § 7-13-305(c). As a result, the district court had the authority to revoke Mr. DeMillard's probation and impose both underlying sentences.

[¶13] We therefore affirm.

---

[1] W.R.Cr.P. 39(a) provides that "[p]roceedings for revocation of probation shall be initiated by a petition for revocation filed by the attorney for the state . . . ."