# THE SUPREME COURT, STATE OF WYOMING

# 2023 WY 97

OCTOBER TERM, A.D. 2023

October 10, 2023

NATHANIEL CASTELLANOS,

Appellant
(Defendant),

v.

S-23-0032

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Carbon County*
*The Honorable Dawnessa A. Snyder, Judge*

*Representing Appellant:*

    *H. Michael Bennett of Corthell and King Law Office, P.C., Laramie, Wyoming.*

*Representing Appellee:*

    *Bridget L. Hill, Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General; and Donovan Burton, Assistant Attorney General.*

*Before FOX, C.J., and KAUTZ, BOOMGAARDEN, GRAY and FENN, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FENN, Justice.**

[¶1]   Appellant, Nathaniel Castellanos, challenges his conviction for interference with a peace officer.  He contends his due process rights were violated when the district court conducted an *Asch*[1] hearing in his absence.  We affirm.

## ISSUE

[¶2]   Appellant raises a single issue, which we rephrase as follows:

> I.  Did the district court violate Mr. Castellanos's due process rights by conducting an *Asch* hearing in his absence after he refused to attend the hearing?

## FACTS

[¶3]   Mr. Castellanos is currently serving three consecutive life sentences at the Wyoming State Penitentiary (Penitentiary).  The facts surrounding those convictions are set forth in *Castellanos v. State*, 2016 WY 11, 366 P.3d 1279 (Wyo. 2016).  In March 2022, Mr. Castellanos was charged with interference with a peace officer for allegedly injuring a corrections officer at the Penitentiary.  Mr. Castellanos purportedly hit the officer repeatedly with his fist and threw a trash can at him, causing abrasions to the officer's face and an injury to the officer's wrist.

[¶4]   Mr. Castellanos's preliminary hearing was initially set for April 7, 2022.  However, he refused to leave his cell, and the hearing was reset for a video hearing on May 10, 2022.  Mr. Castellanos appeared at that hearing, but he objected to the use of video conferencing and insisted the hearing be conducted in person.  The circuit court again continued the hearing and specifically advised Mr. Castellanos he would not be provided with copies of orders of transport listing the exact dates and times he would be brought to court for hearings due to security concerns.[2]  His preliminary hearing was reset for May 18, 2022.  Mr. Castellanos appeared in person at that hearing.  His case was bound over to district court and set for trial in November of 2022.

---

[1] An *Asch* hearing comes from our decision in *Asch v. State*, 2003 WY 18, 62 P.3d 945 (Wyo. 2003).  In that case, we held whenever the State wishes to have a defendant shackled or physically restrained during a trial, it must make a motion pre-trial, and the district court must hold a hearing and state on the record the "compelling reasons justifying the measures." *Id.* at ¶ 62, 62 P.3d at 964 (citing *United States v. Theriault,* 531 F.2d 281, 285 (5th Cir. 1976)).  The State has the burden of "establishing the necessity for particular restraints and that such restraints are the least drastic effective measures available." *Id.* (citing *State v. Thompson*, 832 S.W.2d 577, 580 (Tenn. Crim. App. 1991)).

[2] The Penitentiary typically does not provide copies of orders of transport to inmates because knowing the exact time and date of transport creates a safety concern by giving an inmate the opportunity to plan an escape or an ambush.

1

[¶5]     Approximately three months before the scheduled trial date, the State filed a motion to require Mr. Castellanos to be restrained during trial.  The State argued restraints were necessary in this case due to Mr. Castellanos's history and concerns about his future behaviors.  The State asked to have Mr. Castellanos wear a taser belt under his clothing, called a "Band-it," that would be invisible to the jury and to have additional security personnel present in the courtroom.

[¶6]     The district court set an *Asch* hearing for October 19, 2022.  However, due to "transportation issues"[3] the Penitentiary did not bring Mr. Castellanos to this hearing, and it was rescheduled for the following day.  When the hearing commenced the next day, the district court observed Mr. Castellanos was absent, and it asked defense counsel to explain why his client was not present.  Counsel stated:

> Your Honor, I was contacted about 1:44 p.m. today by []Major Hobson up at the Wyoming State Penitentiary.  He's refusing to leave his cell.  I asked to arrange a phone call, which they were going to - - Major Hobson was going to use his personal cell phone to allow him to talk to me, and he refused that contact as well.

[¶7]     The district court asked defense counsel: "Do you think that if we reset this for another time that we would be more productive, or are you prepared to proceed today with the *Asch* hearing?"  Counsel did not ask for a continuance and indicated he would be arguing against the State's motion on his client's behalf.  The district court continued to conduct the *Asch* hearing without Mr. Castellanos and heard evidence about the need for the restraints. Following this testimony, the district court made specific findings regarding the factors we adopted in *Asch* both on the record at the hearing and in a separate written order.  After considering all these factors, the district court concluded requiring Mr. Castellanos to wear the taser belt under his clothing was appropriate and it was the least restrictive option.  Mr. Castellanos did not file any pretrial motions challenging the district court's decision to impose restraints at trial.

[¶8]     On the morning of the first day of trial, dressed in his prison jumpsuit, Mr. Castellanos objected to the use of the taser belt.  The district court stated it held the *Asch* hearing in Mr. Castellanos's absence because he refused to attend the hearing.  Mr. Castellanos asserted he declined to attend the hearing because the staff at the Penitentiary refused to show him the transport order.  After being given numerous opportunities to

---

[3] The exact nature of the transportation issues is unclear.  The State contends the Penitentiary would not bring Mr. Castellanos to the hearing because he had obtained a copy of the order of transport, and the Penitentiary believed this posed "a major safety concern."

2

change into street clothes, Mr. Castellanos decided to wear his prison jumpsuit and traditional restraints during his trial.

[¶9]     The jury convicted Mr. Castellanos of one count of felony interference with a peace officer.    At Mr. Castellanos's request, the district court proceeded to sentencing immediately following the trial.  The district court sentenced Mr. Castellanos to a term of four-to-six years in prison to be served consecutively to his other sentences.  This appeal timely followed.

## STANDARD OF REVIEW

[¶10]  Mr. Castellanos alleges he had a right to be present at the *Asch* hearing, and the district court violated his due process rights under the Fifth, Sixth, and Fourteenth Amendments to the Federal Constitution and Article 1, Section 10 of the Wyoming Constitution by conducting the hearing in his absence.  The State asserts that if Mr. Castellanos had a right to be present at the *Asch* hearing, he waived that right by refusing to attend the hearing.

[¶11]  We review the question of whether the district court violated Mr. Castellanos's constitutional rights de novo. *Mills v. State*, 2023 WY 76, ¶ 7, 533 P.3d 182, 187 (Wyo. 2023) (citing *Kovach v. State,* 2013 WY 46, ¶ 19, 299 P.3d 97, 104 (Wyo. 2013)). Similarly, "[t]he question of whether a defendant had the right to be present at a particular stage of trial is an issue of law subject to de novo review." *Wall v. State*, 2019 WY 2, ¶ 29, 432 P.3d 516, 525 (Wyo. 2019) (citing *DeMillard v. State*, 2008 WY 93, ¶ 8, 190 P.3d 128, 130 (Wyo. 2008)).

## DISCUSSION

[¶12]  We have previously discussed the nature of a defendant's right to be present during every critical stage of his criminal proceedings:

> A criminal defendant has the right to be present during every critical stage of his criminal proceeding.  There are numerous federal and Wyoming guaranties of this right.  "The Sixth Amendment and the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution guarantee an accused the right to be present during every stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure." *Skinner v. State*, 2001 WY 102, ¶ 20, 33 P.3d 758, 765 (Wyo. 2001).  Article 1, § 10 of the Wyoming Constitution "is even more explicit in its guarantee to an accused of the right of presence at trial." *Maupin v. State*, 694 P.2d 720, 722 (Wyo.

1985). That provision states: "In all criminal prosecutions the accused shall have the right to defend in person. . . ." Wyo. Const., art. 1, § 10. "'The right to be present at trial stems in part from the fact that by his physical presence the defendant can hear and see the proceedings, can be seen by the jury, and can participate in the presentation of his rights.'" *Skinner*, ¶ 21, 33 P.3d at 765 [(]quoting *Bustamante v. Eyman*, 456 F.2d 269, 274 (9th Cir. 1972)[)]. However, the "defendant's presence is not required when it 'would be useless, or the benefit but a shadow.'" *Seeley*, 959 P.2d at 177 [(]quoting *Snyder v. Com. of Mass.*, 291 U.S. 97, 106-07, 54 S. Ct. 330, 332-33, 78 L. Ed. 674 (1934)[)].

*Wall*, 2019 WY 2, ¶ 30, 432 P.3d at 525 (quoting *DeMillard*, ¶ 9, 190 P.3d at 130).

[¶13]  We have yet to decide whether an *Asch* hearing is a "critical stage" of a proceeding where a defendant's presence is required. An *Asch* hearing is not one of the proceedings listed in Wyoming Statute § 7-11-202 (LexisNexis 2021) or Rule 43(a) of the Wyoming Rules of Criminal Procedure (W.R.Cr.P.) at which a defendant's presence is required. For the purposes of this case, we assume, without deciding, Mr. Castellanos had a right to be present at the *Asch* hearing. We must decide whether he waived that right.

[¶14]  Mr. Castellanos asserts his right to be present at the *Asch* hearing arises under both the Federal and Wyoming Constitutions. In his brief, he claims it was the district court that waived his right to be present at the *Asch* hearing, and the district court could not do so under Article 1, § 10 of the Wyoming Constitution. However, we are analyzing whether Mr. Castellanos personally waived his right to be present at the hearing. Irrespective of whether the right arises under the Federal or the Wyoming Constitution, we require a defendant's waiver of a constitutional right to be done voluntarily, knowingly, and intelligently. *See, e.g., Taylor v. State*, 612 P.2d 851, 861 (Wyo. 1980) (discussing waiver of rights under Article 1, § 10 of the Wyoming Constitution); *Jendresen v. State*, 2021 WY 82, ¶ 30, 491 P.3d 273, 282–83 (Wyo. 2021) (discussing the standard for waiver of Fifth Amendment rights).

[¶15]  We begin our analysis by inquiring into whether the right to be present at an *Asch* hearing is waivable, and then we analyze whether Mr. Castellanos voluntarily, knowingly, and intelligently waived that right. *Kearns v. State*, 2002 WY 97, ¶ 12, 48 P.3d 1090, 1093 (Wyo. 2002) (citing *Taylor*, 612 P.2d at 860–61; *Vargas v. State*, 963 P.2d 984, 990 (Wyo. 1998)). We have long recognized "with certain exceptions, . . . any constitutional or statutory privilege inuring to the benefit of the defendant, which does not violate a public policy, may be waived." *Taylor*, 612 P.2d at 860 (citing *Patton v. United States*, 281 U.S. 276, 50 S. Ct. 253, 74 L. Ed. 854 (1930); *Schick v. United States*, 195 U.S. 65, 24 S. Ct. 826, 49 L. Ed. 99 (1904)). We have previously held "[t]he constitutional right to be present

4

at every critical stage of the trial may be waived by a defendant's voluntary absence." *Campbell v. State*, 999 P.2d 649, 661 (Wyo. 2000) (citing *Maupin*, 694 P.2d at 722). "A defendant must have a compelling reason to stay away from the trial. If his absence is deliberate without a sound reason, the trial may start in his absence." *Maupin*, 694 P.2d at 722 (citing *United States v. Tortora*, 464 F.2d 1202, 1208 (2d Cir. 1972)). Where a defendant's failure to appear occurs voluntarily, knowingly, and without justification, a conviction in absentia may be affirmed. *Id.* (citing *United States v. Reed*, 639 F.2d 896, 903–04 (2d Cir. 1981)).

[¶16] Although both *Campbell* and *Maupin* dealt with a defendant's presence at trial, other jurisdictions have adopted a similar approach for determining whether a defendant has voluntarily and knowingly waived his right to be present during some other crucial stage of the proceeding. The Supreme Court of Montana has held "[a]n absence is voluntary if the defendant knew of the hearing and failed to appear due to circumstances that were within her control." *State v. Bekemans*, 293 P.3d 843, 848–49 (Mont. 2013) (citing *State v. Clark,* 115 P.3d 208, 210 (Mont. 2005)) (involving an absence at a show cause hearing). Florida recognizes "[a] defendant may . . . waive his right to be present where he voluntarily absents himself from a crucial stage of a criminal trial without leave of court." *Papageorge v. State*, 710 So.2d 53, 55 (Fla. Dist. Ct. App. 1998) (citing Fla.R.Cr.P. 3.180(c)) (involving an absence from a restitution hearing); *Capuzzo v. State*, 596 So.2d 438, 440 (Fla. 1992) (involving an absence from a sentencing hearing). Likewise, Georgia recognizes "voluntary absence" is sufficient to establish waiver of the defendant's right to be present at a critical stage. *Williams v. State,* 715 S.E.2d 440, 442 (Ga. Ct. App. 2011) (involving an absence from a restitution hearing).

[¶17] Mr. Castellanos was given notice of the State's *Asch* motion and the date of the hearing. Mr. Castellanos was specifically advised by the circuit court he would not be given advance notice of specific times of transport due to security concerns. The Penitentiary gave Mr. Castellanos three opportunities to attend the hearing on October 20, 2022, but he refused to leave his cell. The Penitentiary gave Mr. Castellanos the opportunity to consult with counsel about attending the *Asch* hearing, but he declined this opportunity. Mr. Castellanos failed to appear at the hearing due to circumstances within his control and without leave of the court. *See Bekemans*, 293 P.3d at 848–49 (citing *Clark,* 115 P.3d at 210). Therefore, he knowingly, intelligently, and voluntarily waived his right to be present at the hearing. The district court did not violate his due process rights under either the Federal or Wyoming Constitutions when it proceeded to conduct the *Asch* hearing in his absence.

## CONCLUSION

[¶18] The district court did not violate Mr. Castellanos's due process rights by conducting the *Asch* hearing in his absence. Mr. Castellanos waived any right he had to be present at

that hearing by knowingly and voluntarily failing to appear at the hearing due to circumstances within his control.  Affirmed.